

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00110-CR
No. 07-24-00111-CR
No. 07-24-00112-CR
No. 07-24-00113-CR
No. 07-24-00114-CR

**LARRY GLEN ROLEN II, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 081970-E-CR, 081971-E-CR, 081972-E-CR, 081973-E-CR, & 082335-E-CR;
Honorable Douglas R. Woodburn, Presiding

August 21, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Larry Glen Rolen II, appeals from five convictions for intoxicated manslaughter with a motor vehicle.[1] Appellant was sentenced to fifteen years of confinement for each conviction, with two of the sentences to run concurrently and the

---

[1] *See* TEX. PENAL CODE ANN. § 49.08(b).

three remaining sentences to run consecutively. The reporter's record was originally due July 19, 2024, but we granted the reporter an extension to August 19 to file the record. The reporter has since requested a second extension of thirty days due to her extensive caseload and the considerable size of the record.

To expedite the disposition of the appeals and in the interest of conservation of judicial resources, we deny the request for extension, abate the appeals, and remand the causes to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than sixty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by October 21, 2024.

2

Should the reporter file the record on or before the date the trial court acts per our directive, she shall immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.